BRAVO, PETICIONARIO, *v.* BENÍTEZ FLORES, JUEZ INTERINO DE LA CORTE DE DISTRITO ET AL., DEMANDADOS.

SOLICITUD para que se expida un auto de *certiorari* contra el Juez Interino de la Corte de Distrito de San Juan, Sección Primera, en incidente de traslado.

No. 321.—Resuelto en abril 29, 1921.

CORTE DE DISTRITO DE SAN JUAN—TRASLADO DE CASO DE UNA A OTRA SECCIÓN DE LA CORTE DE DISTRITO.—Aunque en algunos casos podría ser conveniente oir a la parte contraria antes de ordenar el traslado de un caso de una a otra Sección de la Corte de Distrito de San Juan, sin embargo la Ley de marzo 14, 1917 (Compilación 1155) que autoriza tales traslados no exige dicho requisito; y no es nula la orden de traslado *ex-parte* por el hecho de que ante el juez propietario de la Sección donde se radicó la demanda se hubiera ya sometido cierta prueba documental, puesto que cualquier juez podría considerarla.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. M. Tous Soto.*

Abogado del interventor: *Sr. G. Cruzado Silva.*

La parte demandada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Alegó el peticionario que después que había sometido cierta prueba documental a la Sección Primera de la Corte de Distrito de San Juan, el demandado solicitó que el caso fuera trasladado a la Sección Segunda. El traslado fué decretado *ex parte* y sin notificación al peticionario. La ley que regula esta cuestión fué aprobada en marzo 14, 1907 y el artículo 3 de la misma, Compilación 1155, prescribe lo siguiente:

"Sección 3.—Que ambos jueces de dicha Corte de Distrito de San Juan podrán a su arbitrio, transferir cualesquiera causas o asuntos civiles que en cualquier tiempo se estuvieren sustanciando en cualquiera de las secciones de dicha corte a la otra sección de la misma, mediante orden u órdenes debidamente registradas en las minutas de la sección de donde procediere el caso o asunto transferido, las cuales órdenes serán debidamente firmadas por cada uno de dichos jueces y al verificarse dicha transferencia o transferencias, el secretario de la corte los asentará en el registro de asuntos de la sección a que se hace dicha transferencia o transferencias y una vez asentadas en el registro como queda dicho, el juez de la sección a que se transfieren oirá dichas causas o asuntos como si se hubiesen originado en dicha sección."

En algunos casos podría ser mejor para la corte oir a la parte contraria antes de ordenar el traslado, pero entendemos que la ley fué aprobada en parte para permitir a cualquiera de las Secciones cuando se acumula demasiado trabajo trasladar casos al otro juez. La cuestión no es si la Corte de Distrito de San Juan pierde su jurisdicción sobre el caso sino meramente cuál es el juez que ha de presidir el juicio. El hecho de que alguna prueba fuera presentada al juez propietario es cosa de poca importancia puesto que cualquier juez podía considerarla. Esto resulta más evidente toda vez que el juez propietario estaba ausente y esa fué la razón alegada para el traslado del caso.

Como el estatuto confiere discreción al juez y no vemos que se haya abusado de la misma, el auto debe ser anulado.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.